1  **HAHN LOESER & PARKS LLP**
   MICHAEL J. GLEASON (SBN 279434)
2  JAMES E. HEFFNER (SBN 245406)
   LINDSAY J. MERTENS (SBN 254008)
3  ONE AMERICA PLAZA
   600 WEST BROADWAY, SUITE 1500
4  SAN DIEGO, CA 92101-3384
   TELEPHONE: 619.810.4300
5  FACSIMILE: 619.810.4301
   mgleason@hahnlaw.com
6  Attorneys for Defendant Fidelity National Financial, Inc.

7

8

9

10

11                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
12                         WESTERN DIVISION
13                   CV12- 05994 ODW (PZx)

14  PENELOPE BERGMAN, On Behalf of Herself )  CASE NO.:
    and All Others Similarly Situated        )
15                                           )  JUDGE:
                                             )
16              Plaintiff,                   )
                                             )
17      vs.                                  )
                                             )
18  FIDELITY NATIONAL FINANCIAL, INC.        )  **NOTICE OF REMOVAL**
    AND DOES 1-100,                          )
19                                           )
                                             )
20              Defendants.                  )
                                             )
21                                           )
                                             )

22

23

24      Please take Notice that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and 1453,

25  Defendant Fidelity National Financial, Inc. ("Defendant FNF") removes this action from the

26  Superior Court for the State of California for the County of Los Angeles to the United States

27

28

                          DEFENDANT FIDELITY NATIONAL
                       FINANCIAL, INC.'s NOTICE OF REMOVAL
    4755432.1



1    District Court for the Central District of California, Western Division.  As grounds for removal,

2    Defendant FNF avers as follows:

3    **I.      REMOVAL PURSUANT TO FEDERAL QUESTION JURISDICTION**

4              1.      On June 12, 2012, Plaintiff Penelope Bergman ("Plaintiff") filed a civil action in

5    the Superior Court for the State of California for the County of Los Angeles, which action is

6    entitled *Penelope Bergman v. Fidelity National Financial, Inc. and Does 1-100,* Case No.

7    BC486460 ("the State Court Proceedings"), by filing a Complaint and causing a Summons to be

8    issued.  Pursuant to 28 U.S.C. § 1446(a), copies of these documents are attached as Exhibit A

9    hereto.

10             2.      In her complaint, Plaintiff named as defendants Defendant FNF and Does 1-100.

11   While removal typically requires the consent of all defendants, the consent of unknown "John

12   Doe" defendants is not required for removal.  *United Computer Systems, Inc. v. AT&T Corp.*,

13   298 F.3d 756, 762 (9th Cir. 2002) ("rule of unanimity" inapplicable to unknown parties); *Green*

14   *v. America Online*, 318 F.3d 465, 470 (3d Cir. 2003) (disregarding rule of unanimity where non-

15   joining defendants are unknown).

16             3.      Defendant FNF was served with a copy of said Complaint on June 13, 2012.

17             4.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within

18   thirty (30) days of Defendant FNF's receipt of the Complaint.

19             5.      According to the allegations in her Complaint, Plaintiff's first claim for relief

20   arises under the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq.

21   ("RESPA").  *See* Complaint, Exhibit A, at pg. 5, ¶¶ 23-26.

22             6.      Plaintiff's second claim for relief arises under California's Unfair Competition

23   Law, CAL. BUS. & PROF. CODE § 17200 ("UCL"), based on a purported violation of RESPA.

24   *See* Complaint, Exhibit A, at pg. 5-6, ¶¶ 27-32.    "[E]ven though state law creates [a party's]

25   causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded

26   complaint established that its right to relief under state law requires resolution of a substantial

27   question of federal law."  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164

28

1 (1997) (*citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983)).

2 As Plaintiff's UCL claim is based on a purported violation of RESPA, Plaintiff's "right to relief

3 requires resolution of a substantial question of federal law" and Plaintiff's UCL claim

4 accordingly arises under the laws of the United States.

5        7.    This is a civil action over which this Court has original subject matter

6 jurisdiction pursuant to 28 U.S.C. § 1331, since it arises under the laws of the United States. In

7 addition to providing an independent basis for removal through its dependence on a RESPA

8 violation, the Plaintiff's UCL claim also falls under the Court's supplemental jurisdiction

9 pursuant to 28 U.S.C. §1441(c). Consequently, this action is removable pursuant to 28 U.S.C. §

10 1441.

11     **II.**     **REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT**

12 **("CAFA"):**

13        8.    Pursuant to 28 U.S.C. § 1332(d)(2)(A), district courts have original jurisdiction

14 over civil actions where "the matter in controversy exceeds the sum or value of $5,000,000,

15 exclusive of interest and costs, and is a class action in which (A) any member of a class of

16 plaintiffs is a citizen of a State different from any defendant." The statute permits a class's

17 damages to be aggregated to determine whether the amount in controversy is sufficient. 28

18 U.S.C. § 1332(d)(6). Finally, the class must have a minimum of 100 members. 28 U.S.C.

19 § 1332(d)(5)(B).

20                               **Proposed Class**

21        9.    Plaintiff pleads this case as a putative class action and seeks certification under

22 California Code of Civil Procedure section 382. *See* Complaint, Exhibit A, at pg. 4, ¶ 16. It

23 seeks certification of (a) a class of "[a]ll persons nationwide who paid an FNF subsidiary for

24 delivery services performed by a third party vendor who had an agreement to pay a referral fee

25 (kickback) to FNF" and (b) a class of "[a]ll persons in California who paid an FNF subsidiary

26 for delivery services performed by a third party vendor who had an agreement to pay a referral

27 fee (kickback) to FNF." *Id.*

10.    Accordingly, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

11.    For CAFA to apply, the class must consist of at least 100 persons.  28 U.S.C. § 1332(d)(5).  Here, this requirement is satisfied by Plaintiff's averment that "[t]he class is believed to comprise many thousands of consumers...."  *See* Complaint, Exhibit A, at pg. 4, ¶ 18.

### Minimal Diversity

12.    Pursuant to 28 U.S.C. § 1332(d)(2)(A), district courts have original jurisdiction over class actions where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  Minimal diversity exists here because Plaintiff is a citizen of California and Defendant FNF is a Delaware corporation with a principal place of business in Florida.  *See* Complaint, Exhibit A, at pg. 3, ¶¶13-14.

### Aggregate Amount in Controversy

13.    Plaintiff puts the entire amount she paid for delivery, $26.50, in controversy.  *See* Complaint, Exhibit A, at pg. 2, ¶6.  Therefore, if Plaintiff is truly typical of other putative class members, given the treble damages provided for by § 2607(d) of RESPA, only 62,894 class members are required to have an amount in controversy over $5 million.  Plaintiff alleges potentially "**many thousands** of consumers...."  *See* Complaint, Exhibit A, at pg. 4, ¶ 18 (emphasis added).  Additionally, Plaintiff seeks attorney's fees "as permitted by law" pursuant to California Code of Civ. Proc. § 1021.5, and attorneys fees are accordingly considered for the requisite jurisdictional amount.  Therefore, from the face of the Complaint it is apparent that it is more likely than not that there is more than $5 million in controversy.

14.    As demonstrated above, this Court has jurisdiction pursuant to CAFA because (a) the amount in controversy exceeds the value of $5 million, exclusive of interests and costs; (b) there are more than 100 class members; and (c) minimal diversity exists.

---

15.     This class action is not subject to the home state exception because Defendant FNF is not a citizen of the state in which the action was filed. Defendant FNF is a citizen of Delaware and Florida and the action was filed in California. *See* 28 U.S.C. 1332(d)(4)(B).

16.     For the local controversy exception to apply, the principal injuries resulting from the alleged conduct must be limited to California, the state the in which the action was originally filed. *See* 28 U.S.C. 1332(d)(4)(A). Here, however, the Plaintiff has in part brought this action as a class action on behalf of "[a]ll persons nationwide who paid an FNF subsidiary for delivery services performed by a third party vendor who had an agreement to pay a referral fee (kickback) to FNF." Therefore, the principal injuries resulting from the alleged conduct are not limited to California, and the local controversy exception does not apply.

17.     While the consent of unknown "Doe" defendants was not obtained prior to filing this Notice of Removal, CAFA expressly eliminates the need for all defendants to consent to the removal of the class action. 28 U.S.C. § 1453(b); *United Steel v. Shell Oil*, 549 F.3d 1204, 1208 (9th Cir. 2008).

18.     Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, removal of the State Court Proceedings to this Court is appropriate.

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and filed with the Superior Court for the State of California for the County of Los Angeles.

WHEREFORE, Defendant hereby gives notice that Civil Action BC486460, which was previously pending in the Superior Court for the State of California for the County of Los Angeles, is hereby removed to the Central District of California.

1

2

3      Date: July 12, 2012                                    Respectfully submitted,

4

5

6                                                             /s/ Michael J. Gleason
                                                              Michael J. Gleason (SBN 279434)
7                                                             James E. Heffner (SBN 245406)
                                                              Lindsay J. Mertens (SBN 254008)
8                                                             Hahn Loeser & Parks LLP
                                                              One America Plaza
9                                                             600 West Broadway, Suite 1500
                                                              San Diego, CA 92101-3384
10                                                            Telephone: 619.810.4300
                                                              Facsimile: 619.810.4301
11                                                            mgleason@hahnlaw.com
                                                              jheffner@hahnlaw.com
12                                                            lmertens@hahnlaw.com

13                                                            Attorneys for Defendant Fidelity
14                                                            National Financial, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**CERTIFICATE OF SERVICE**</u>

2

I certify that a copy of the foregoing Notice of Removal was served, by regular U.S. mail,

3

postage prepaid, this 12th day of July, 2012, upon the following:

4

5

Taras Kick
Thomas Segal

6

The Kick Law Firm, APC
201 Wilshire Blvd., Suite 350

7

Santa Monica, CA 90401

8

Attorneys for Plaintiff and the Putative Class

9

10

/s/ Michael J. Gleason

11

Michael J. Gleason

12

Attorney for Defendant Fidelity
National Financial, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Fidelity National Financial, Inc *and does 1-100*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Penelope Bergman *on behalf of herself and all others similarly situated*

FOR COURT USE ONLY
CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 12 2012

John A Clarke Executive Officer/Clerk
By _____, Deputy
R. LaFLEUR-CLAYTON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse

111 North Hill St.,
Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):* BC486460

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Taras Kick, Esq., 201 Wilshire Blvd., Suite 350, Santa Monica, CA 90401, Phone: 310-395-2988

**DATE:**
*(Fecha)* JOHN A CLARKE

Clerk, by AMBER LaFLEUR-CLAYTON , Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUN 12 2012

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Fidelity National Financial, Inc.

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1 | TARAS KICK (SBN 143379)
2 | THOMAS SEGAL (SBN 222791)
3 | THE KICK LAW FIRM, APC
    | 201 WILSHIRE BLVD., SUITE 350
    | SANTA MONICA, CA 90401
4 | TEL: (310) 395-2988
5 | FAX: (310) 395-2088
6 | Attorneys for Plaintiff Penelope Bergman
    | and the Putative Class

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 12 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
ACE LaFLEUR-CLAYTON

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

PENELOPE BERGMAN, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

FIDELITY NATIONAL FINANCIAL, INC. AND DOES 1-100,

Defendants.

CASE NO. BC486460

CLASS ACTION COMPLAINT FOR:

1) VIOLATION OF THE REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA);  and,

2) VIOLATION OF THE UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.

1    Plaintiff Penelope Bergman, by and through her attorneys, brings this action on behalf of

2  herself and all others similarly situated against Fidelity National Financial, Inc. ("FNF") and DOES 1

3  through 100 (collectively "Defendants").

4                                    NATURE OF THE ACTION

5    1.    This is a class action against Fidelity National Financial, Inc. and DOES 1 through 100 for

6  violation of Section 2607(a) of the Real Estate Settlement Procedures Act ("RESPA"), the California

7  Unfair Competition Law (California Business and Professions Code Section 17200, et seq.), and other

8  applicable law.    Plaintiff brings this action on behalf of the general public and all similarly situated

9  individuals who paid third party delivery fees where Fidelity National Financial, Inc. (or DOES 1

10  through 100)  receives a kickback from the third party delivery service.

11    2.    Pursuant to section 2607(a) of the federal Real Estate Settlement Practices Act it is

12  unlawful to pay or receive referral fees for the referral of settlement business.

13    3.    FNF as a regular business practice has entered into agreements with third party delivery

14  companies in which FNF is paid a fee for referring settlement service business in escrow transactions

15  handled by FNF subsidiaries such as Chicago Title, Ticor Title, and Fidelity National Title Company.

16    4.    This practice violates section 2607(a) of RESPA as well as Business and Professions Code

17  section 17200.

18    5.    Plaintiff  Penelope Bergman refinanced a property in Los Angeles, California on June 13,

19  2011.

20    6.    Chicago Title charged plaintiff a $26.50 delivery fee for a delivery performed by a third

21  party vendor.  Based on Plaintiff's HUD-1 settlement statement this was a supposed pass through

22  charge of the third party vendor's fee.

23    7.    The third party vendor who performed the delivery had an agreement with FNF as

24  described above to pay a fee for the referral of settlement service business.

25                                  VENUE AND JURISDICTION

26    8.    This court has jurisdiction over this class action and all causes of action herein pursuant to

27  the California Constitution, Article IV, Section 10 and California Business and Professions Code

28

1 §17204.  Chicago Title is headquartered in Santa Ana, California, and is a California corporation.

2     9.    Venue is proper in this Court because FNF operates within this judicial district and the

3 transactions with Plaintiff complained of herein occurred in Los Angeles County.

4            **STATUTE OF LIMITATIONS/ DELAYED DISCOVERY /ESTOPPEL**

5     10.   Plaintiff and the class members did not discover, and could not reasonably have

6 discovered, defendants' misrepresentations, omissions, and other misconduct alleged herein until a

7 date within the statute of limitations for each and every cause of action alleged herein. Plaintiff and

8 the class members were ignorant of the true facts, and actually and reasonably relied on defendants'

9 misrepresentations, failure to disclose, and other misconduct alleged herein.

10     11.   Defendants intended that Plaintiff and class members act in reliance on their

11 misrepresentations and misconduct alleged herein. Plaintiff and class members were ignorant of the

12 true facts, and actually and reasonably relied upon Defendants' misrepresentations, failure to

13 disclose, and other misconduct alleged herein, to their detriment.  Had Plaintiff and the class

14 members known the true facts, they would not have paid the unlawful delivery fees.

15     12.   By their conduct, Defendants have waived, forfeited, and/or are estopped from asserting

16 the statute of limitations and other affirmative or jurisdictional defenses to this action.

17                     **PARTIES**

18     13.   At all relevant times herein Plaintiff Penelope Bergman was a citizen of the State of

19 California, and a resident of Los Angeles County.

20     14.   Defendant Fidelity National Financial, Inc. is a Delaware corporation headquartered in

21 Jacksonville, Florida.

22     15.   Plaintiff is currently ignorant of the true names and capacities, whether individual,

23 corporate, associate, or otherwise, of the defendants sued herein under the fictitious names DOES 1

24 through 100, inclusive, and therefore, sues such defendants by such fictitious names. Plaintiff will

25 seek leave to amend this complaint to allege the true names and capacities of said fictitiously named

26 defendants when their true names and capacities have been ascertained. Plaintiff is informed and

27 believes and thereon alleges that each of the fictitiously named DOE defendants is legally

28

1   responsible in some manner for the events and occurrences alleged herein, and for the damages
2   suffered by the class.

3                                    **CLASS DEFINITIONS**

4        16.   Plaintiff brings this action as a class action pursuant to Code of Civil Procedure Section
5   382 on behalf of herself and the following two proposed classes:

6              RESPA CLASS-

7        "All persons nationwide who paid an FNF subsidiary for delivery services performed by a third
8   party vendor who had an agreement to pay a referral fee (kickback) to FNF."

9              UCL CLASS-

10       "All persons in California who paid an FNF subsidiary for delivery services performed by a
11  third party vendor who had an agreement to pay a referral fee (kickback) to FNF."

12                                  **CLASS ALLEGATIONS**

13       17.   Plaintiff brings this action in her own capacity on behalf of all persons in the classes
14  set forth above.

15       18.   The class is believed to comprise many thousands of consumers, the joinder of
16  whom is impracticable, and for whom class treatment will provide substantial benefit to the parties
17  and the court system.  There is a well-defined community of interest in the questions of law and fact
18  that affects Plaintiff and the proposed class members. Common questions of law and fact
19  predominate over any questions that may affect class members individually. The common questions
20  include whether FNF is permitted to receive a referral fee (kickback) from third party delivery
21  vendors used in escrow transactions of its affiliates.

22       19.   The claims or defenses to Plaintiff's claims are typical of the claims or defenses to
23  the claims of the class as more fully described below. They also arise from the same event and/or
24  practice or pattern of the Defendants and are based upon the same legal theory.

25       20.   Plaintiff will fairly and adequately protect the class's interest and has retained
26  counsel competent and experienced in class action litigation and insurance law.  Plaintiff's interests
27  are coincident with and not antagonistic to absent class members' interests.  Plaintiff is also cognizant
28  of, and determined to, faithfully discharge her fiduciary duties to the absent class members as the
    class representative.

21.    The class action is superior to other available methods for the fair and efficient adjudication of this controversy because the class members number in the thousands and joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for class members to prosecute their claims individually.  Class treatment will ensure optimal compensation for the class and limit each class member's expense and conserve judicial resources.

22.    Unless a class is certified Defendants will retain monies received as result of their overcharging. Plaintiff is informed and believes and thereon alleges that defendants' officers, directors or managing agents were aware of, had actual knowledge of and ratified the prohibited acts alleged herein.

## FIRST CAUSE OF ACTION

### REAL ESTATE SETTLEMENT PROCEDURES ACT

### (ALL CLASS MEMBERS)

23.    Plaintiff repeats and realleges the allegations set forth above, as though fully set forth here.

24.    FNF received a referral fee from the third party vendor who performed the delivery service in Plaintiff's refinance transaction.

25.    This arrangement violates section 2607(a) of RESPA.

26.    Plaintiff and the RESPA class are entitled to damages as set forth in section 2607(d)(2) of RESPA.

## SECOND CAUSE OF ACTION

### FOR VIOLATION OF CALIFORNIA BUSINESS

### AND PROFESSIONS CODE 17200

### (FOR CALIFORNIA CLASS MEMBERS ONLY)

27.    Plaintiff realleges and incorporates the preceding allegations and paragraphs by reference as if set forth fully herein.

28.    Plaintiff brings this cause of action on behalf of herself, and on behalf of the class.

29.    FNF has engaged in unfair competition as set forth above.

30.    In addition to being unfair and deceptive, such acts were also unlawful pursuant to

section 2607(a) of RESPA and other applicable law.

31. By engaging in the above described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code Section 17200 *et seq.* As a result of these acts and practices by Defendants, Plaintiff and the class members have lost money or property.

32. Plaintiff, on behalf of herself and on behalf of the class, seeks an order of this Court awarding restitution, injunctive relief and all other relief allowed under Bus. & Prof. Code Sections 17200 *et seq.*, plus interest, costs, attorney's fees pursuant to, *inter alia*, Code of Civ. Proc. Section 1021.5.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and all others similarly situated prays for judgment against Defendant as follows:

A. An order certifying the case as a class action and appointing Plaintiff and her counsel to represent the class;

B. A judgment awarding Plaintiff and members of the class compensatory damages in an amount to be proven at trial together with prejudgment interest at the maximum rate allowed by law;

C. Restitution and disgorgement of all amounts obtained by Defendant as a result of their misconduct;

D. Statutory penalties provided by law;

E. Reasonable attorneys fees as permitted by law including but not limited to California Code of Civ. Proc. § 1021.5;

F. Exemplary damages;

G. Costs of this suit;

H. Statutory pre-judgment interest; and

///

1    I.    Such other relief as the Court may deem proper.

2

3    Dated: June 12, 2012                    THE KICK LAW FIRM, APC

4

5

6                              By:
7                                   Taras Kick
                                    Thomas Segal
8                                   Attorneys for Plaintiff Penelope Bergman
                                    and the Putative Class
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DEMAND FOR JURY TRIAL**

2

3    Plaintiff individually and on behalf of all others similarly situated hereby demands a jury trial.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20    Dated: June 12, 2012

21                                                    THE KICK LAW FIRM, APC

22

        By:

23                                                    Taras Kick (SBN 143379)
                                                      Thomas Segal (SBN 222791)
24

25                                                    Attorneys for Plaintiff and the Putative Class

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Taras Kick (State Bar No. 143379)
Thomas Segal (State Bar No. 134097)
The Kick Law Firm, APC
201 Wilshire Blvd, Suite 250, Santa Monica, CA 90401
TELEPHONE NO.: 310-395-2988        FAX NO.: 310-395-2088
ATTORNEY FOR (Name): Plaintiff, Penelope Bergman

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Los Angeles
STREET ADDRESS: 111 North Hill St
MAILING ADDRESS: 111 North Hill St
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courhouse

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

JUN 12 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DEAMBER CLAYTON

CASE NAME:
Penelope Bergman v. Fidelity National Financial, Inc

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: B C 4 8 6 4 6 0 |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded $25,000 or less) | [ ] Counter   [ ] Joinder | | |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify):
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 12, 2012

Thomas Segal
_____     ▶     _____
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice—Physicians & Surgeons
　Other Professional Health Care Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
　Intentional Infliction of Emotional Distress
　Negligent Infliction of Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court Case Matter
　Writ–Other Limited Court Case Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award *(not unpaid taxes)*
　Petition/Certification of Entry of Judgment on Unpaid Taxes
　Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint Case *(non-tort/non-complex)*
　Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late Claim
　Other Civil Petition

CM-010 [Rev. July 1, 2007]　　　**CIVIL CASE COVER SHEET**　　　Page 2 of 2

| SHORT TITLE: Bergman v. Fidelity National Financial, Inc | CASE NUMBER | BC486460 |
|---|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL?  ☐ YES    CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 10   ☐ HOURS/ ☑ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE: Bergman v. Fidelity National Financial, Inc | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☑ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F  Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Bergman v. Fidelity National Financial, Inc | | CASE NUMBER | |
|---|---|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | | | |
| Asset Forfeiture (05) | ☐ A6108 | Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115 | Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| Writ of Mandate (02) | ☐ A6151 | Writ - Administrative Mandamus | 2., 8. |
| | ☐ A6152 | Writ - Mandamus on Limited Court Case Matter | 2. |
| | ☐ A6153 | Writ - Other Limited Court Case Review | 2. |
| Other Judicial Review (39) | ☐ A6150 | Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | | | |
| Antitrust/Trade Regulation (03) | ☐ A6003 | Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007 | Construction Defect | 1., 2., 3. |
| Claims Involving Mass Tort (40) | ☐ A6006 | Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035 | Securities Litigation Case | 1., 2., 8. |
| Toxic Tort Environmental (30) | ☐ A6036 | Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014 | Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | | |
| Enforcement of Judgment (20) | ☐ A6141 | Sister State Judgment | 2., 9. |
| | ☐ A6160 | Abstract of Judgment | 2., 6. |
| | ☐ A6107 | Confession of Judgment (non-domestic relations) | 2., 9. |
| | ☐ A6140 | Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | ☐ A6114 | Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | ☐ A6112 | Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | | |
| RICO (27) | ☐ A6033 | Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints (Not Specified Above) (42) | ☐ A6030 | Declaratory Relief Only | 1., 2., 8. |
| | ☐ A6040 | Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | ☐ A6011 | Other Commercial Complaint (non-tort/non-complex) | 1., 2., 8. |
| | ☐ A6000 | Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | | |
| Partnership Corporation Governance (21) | ☐ A6113 | Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions (Not Specified Above) (43) | ☐ A6121 | Civil Harassment | 2., 3., 9. |
| | ☐ A6123 | Workplace Harassment | 2., 3., 9. |
| | ☐ A6124 | Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | ☐ A6190 | Election Contest | 2. |
| | ☐ A6110 | Petition for Change of Name | 2., 7. |
| | ☐ A6170 | Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | ☐ A6100 | Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Bergman v. Fidelity National Financial, Inc | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1712 South Crescent Heights Ave |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90035 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __June 12, 2012__

_(signature)_
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

B C 4 8 6 4 6 0

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Kenneth Freeman | 322 | 1702 |
| Judge William F. Highberger | 307 | 1402 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| OTHER | | |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.890-3.898 Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

**FAMILY LAW (non-custody):**
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

**PROBATE:**
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Select Panel**  The Party Select Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Random Select Panel**  The Random Select Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Select Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all Random Select panel volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**  The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

Partially Funded by the Los Angeles County Dispute Resolution Program
A complete list of the County Dispute Resolution Programs is available online and upon request in the Clerk's Office.

LAADR 005 (Rev.12-09)
LASC Approved 05-09

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

**Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:**

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7658 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

---

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621

---

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT
ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | *Reserved for Clerk's File Stamp* |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe)*: _____

Dated: _____

| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff ☐ Defendant ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Additional signature(s) on reverse

| Short Title | | Case Number |
| --- | --- | --- |
| | | |

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

## CV12- 5994 ODW (RZx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Penelope Bergman, on behalf of herself and all others similarly situated | Fidelity National Financial, Inc. and Does 1-100 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Taras Kick, The Kick Law Firm, APC<br>201 Wilshire Blvd, Suite 350, Santa Monica, CA 90401<br>Tel: (310) 395-2988 | Attorney for Defendant Fidelity National Financial, Inc.<br>Michael J. Gleason, Hahn Loeser & Parks LLP<br>600 West Broadway, Suite 1500, San Diego, CA 92101-3384<br>Tel: 619.810.4300 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☑ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff in underlying state court action alleges, inter alia, a violation of the Real Estate Settlement Procedures Act, 12 U.S.C. 2607(a).

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No    ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No    ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
    ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | . |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Defendant is a Delaware corporation headquartered in Florida. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Lindsey Martin_    Date  July 12, 2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |