O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENELOPE BERGMAN, on behalf of herself and all others similarly situated,<br><br>              Plaintiffs,<br><br>     v.<br><br>FIDELITY NATIONAL FINANCIAL, INC.; and DOES 1–10, inclusive,<br><br>              Defendants. | Case No. 2:12-cv-05994-ODW(MANx)<br><br>**ORDER GRANTING FIDELITY NATIONAL FINANCIAL, INC.'S MOTION TO DISMISS [8]** |

## I.   INTRODUCTION

Plaintiff Penelope Bergman brings claims against Fidelity National Financial for (1) violation of the Real Estate Settlement Procedures Act ("RESPA") and (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200.  Fidelity moves to dismiss both for failure to allege sufficient facts to state either claim.  For the reasons discussed below, the Court **GRANTS** Fidelity's motion.[1]

## II.   FACTUAL BACKGROUND

On June 13, 2011, Bergman refinanced a property in Los Angeles, California. (Compl. ¶ 5.)  Bergman alleges that Fidelity regularly enters into agreements with

---

[1] Having carefully considered the papers filed in support of and in opposition to the instant Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.

third-party delivery companies whereby Fidelity receives a fee for referring settlement-service business conducted by its subsidiaries, including Chicago Title. (*Id.* ¶ 3.) According to the Complaint, Chicago Title charged Bergman a delivery fee of $26.50 for a "delivery performed by a third party vendor." (*Id.* ¶ 6.) Bergman further alleges that the service performed by this unnamed third-party vendor was undertaken as a result of an agreement with Fidelity to pay Fidelity a referral fee in return for Fidelity's (or its subsidiaries') referral of settlement business to that vendor. (*Id.* ¶ 7.)

As a result of these allegations, Bergman commenced this action in state court on June 12, 2012. (ECF No. 1 Ex. A.) Fidelity subsequently removed the case to this Court on July 12, 2012. (ECF No. 1.)

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement—to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While specific facts are not necessary so long as the complaint gives the defendant fair notice of the claim and the grounds upon which the claim rests, a complaint must nevertheless "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal*'s plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but does not go so far as to impose a "probability requirement." *Id.* Rule 8 demands more than a complaint that is merely consistent

with a defendant's liability—labels and conclusions, or formulaic recitals of the elements of a cause of action do not suffice. *Id.* Instead, the complaint must allege sufficient underlying facts to provide fair notice and enable the defendant to defend itself effectively. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 566 U.S. at 679.

When considering a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Conclusory allegations, unwarranted deductions of fact, and unreasonable inferences need not be blindly accepted as true by the court. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Yet, a complaint should be dismissed only if "it appears beyond doubt that the plaintiff can prove no set of facts" supporting plaintiff's claim for relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

Fidelity moves to dismiss Bergman's Complaint for lack of Article III standing, expiration of the statute of limitations, and failure to state a claim under RESPA or the UCL. The Court considers each in turn.

/ / /

/ / /

## A.    RESPA

Congress enacted RESPA in 1974 to protect consumers from inflated prices in the home-purchasing process and eliminate abusive practices such as kickbacks and referral fees. *Schuetz v. Banc One Mortg. Corp.*, 292 F.3d 1004, 1008 (9th Cir. 2002). Accordingly, RESPA proscribes referral fees or fee splitting "in connection with a transaction involving federally related mortgage loan." 12 U.S.C. § 2607(a)–(b). The Court will examine Bergman's standing, the applicability of the statute of limitations, and the merits of the claim.

### *1.    Standing*

Fidelity argues that Bergman lacks standing to assert her RESPA claim because she has not suffered actual harm by the alleged referral of settlement-service business. Fidelity reasons that because Bergman does not allege she was overcharged, she was not injured. But, the Ninth Circuit rejected a similar argument in an analogous RESPA action. *See Edwards v. First Am. Corp.*, 610 F.3d 514, 517 (9th Cir. 2010).

In *Edwards*, the court examined whether an injury sufficient to establish Article III standing had been shown when plaintiff was not overcharged for title insurance. The plaintiff in *Edwards* was referred to a specific title-insurance company through an exclusive agreement between the title-insurance company and the settlement agent. *Id.* at 516. The defendants argued that plaintiff had not suffered a concrete injury-in-fact sufficient to confer Article III standing because she had not alleged that the title-insurance charge for title insurance was higher than it would have been without the alleged exclusivity agreement. *Id.* The court rejected this argument, finding that a plaintiff has standing where a person or entity infringes on that plaintiff's statutorily created rights. *Id.* at 517. RESPA creates a cause of action whenever there is a payment of any fee, kickback, or thing of value, in exchange for business referrals. RESPA "does not limit liability to instances in which a plaintiff is overcharged," and an allegation of overcharge is not required to establish Article III standing. *Id.*

/ / /

Bergman alleges Fidelity received a kickback from the third-party delivery service because of an alleged referral agreement—a violation of RESPA. But *Edwards* holds the Complaint need not allege an overcharge or payment for no actual services; rather, an injury sufficient to create Article III standing exists solely as a result of the alleged infringement of statutorily created rights. Bergman therefore has standing to bring the RESPA claim.

### 2. Statute of Limitations

A RESPA claim may be brought within one year of the date of violation. *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010). The statute of limitations begins to run when the plaintiff pays for a tainted service, typically at closing. *Id.*

In her Opposition, Bergman argues that because the refinance transaction "closed" on June 13, 2011, and the Complaint was filed on June 12, 2012, the action is not time-barred. (Opp'n 6.) But the Complaint alleges only that Bergman "refinanced a property in Los Angeles, California on June 13, 2011." (Compl. ¶ 7.) This allegation is vague for purposes of the statute of limitations, as it is unclear from the face of the Complaint that this was in fact the closing date.

It is well-settled that the Court "*may not* look beyond the complaint" when determining whether to grant a motion to dismiss. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Because the Complaint does not specifically allege the closing date, the Court has no facts upon which to make a finding on the statute of limitations issue. In addition, the Court declines to consider the applicability of the statute of limitations to the members of the putative class which has not been certified. Nevertheless, the Court will turn its attention to the consideration of the substantive merits of Defendant's motion.

### 3. Merits

Bergman's Complaint alleges that Fidelity received a kickback for a delivery performed by a third-party vendor. (Compl. ¶¶ 1, 7.) The kickback resulted from an

alleged "agreement" to "pay a fee for the referral of settlement service business." (Compl. ¶ 7.) Yet, Bergman provides *no* facts in support of this broad assertion and therefore her claim fails to survive Fidelity's motion to dismiss. Simply put, the conclusory nature of Bergman's Complaint "disentitles [her] to the presumption of truth." *Iqbal*, 556 U.S. at 681.

Allegations of kickbacks "completely devoid of any factual enhancement" do not survive a motion to dismiss. *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1101–02 (E.D. Cal. 2010). Nevertheless, instead of pleading sufficient facts of her own, Bergman would have both Fidelity and this Court look to another case pending in Santa Clara County Superior Court to ascertain the factual basis for her claims. (RJN. Ex. A.)

It appears Bergman is of the view that it isn't necessary to plead the facts to apprise Fidelity of the allegations it is being called upon to defend, because it should already know. Indeed, this view is cogently capsulated in a heading in her own Opposition: "[Fidelity] Is Feigning Ignorance Of The Facts Underlying This Lawsuit." Apparently, in lieu of pleading her claim with factual specificity, Bergman believes it sufficient for Fidelity, and indeed the court, to read specific, unplead contentions into her Complaint based on Fidelity's supposed actual knowledge of the facts derived from complaints against it in other matters. Those cases also alleged RESPA kickback violations by Fidelity. But none of the facts in those cases specifically address Penelope Bergman. Rule 8—as interpreted by *Iqbal* and *Twombly*—dictates that the doors to discovery must remain closed to Bergman until she can plead sufficient facts showing that Fidelity harmed *her*.

If Bergman feels she has been subjected to referral-tainted settlement services in violation of RESPA, then she must explain how. Because Bergman fails to embellish her RESPA claim with any facts supporting a plausible theory of relief, the Court **DISMISSES** Bergman's RESPA claim with leave to amend.

/ / /

**B.     Violation of California's Unfair Competition Law, California Business and Professions Code Section 17200**

California's UCL prohibits "any unlawful, unfair or fraudulent" business practices. Cal. Bus. & Prof. Code § 17200. The UCL is written in the disjunctive and proscribes three types of proscribed business practices: acts or practices that are unlawful, or unfair, or fraudulent. *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007). An act can be alleged to violate any or all three of the prongs of the UCL. *Id.* As Bergman appears to have alleged all three prongs, the Court examines each in turn.

*1. Unlawful*

The unlawful prong of section 17200 borrows violations of other laws and makes those unlawful practices actionable under the UCL. *Id.* There must be a violation of another law on which to predicate a claim under the unlawful prong. *Id.* Because the Court has dismissed Bergman's RESPA claim, Bergman is unable to establish any underlying unlawful conduct and the UCL claim under the unlawful prong cannot survive.

*2. Fraudulent*

Bergman alleges that Fidelity engaged in "deceptive" practices in violation of RESPA. (Compl. ¶ 30.) It is unclear under which prong of the UCL, if any, Bergman intends this contention falls. If the Court construes this reference to deceptive practices as pleading under the fraudulent prong of the UCL—which it does here—Rule 9(b)'s heightened pleading standard would apply. *See Rodriguez v. JP Morgan Chase & Co.*, 809 F. Supp. 2d 1291, 1297 (S.D. Cal. 2011). Under Rule 9(b), fraud must be pled with particularity alleging "the who, what, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1106 (9th Cir. 2003).

Bergman's Complaint alleges only that Fidelity "entered into agreements with third party companies" and thereby received a fee for settlement service referral.

(Compl. ¶ 3.) These conclusory averments do not specify the who, what, where, and how as required. As pled, the Court finds Bergman's UCL claim—to the extent it relies on the UCL's "fraudulent" prong—insufficient to meet Rule 9(b)'s heightened pleading standard.

*2. Unfair*

California courts disagree regarding the definition of "unfair" business practices in consumer cases, often applying three distinct tests. *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, — F. Supp. 2d —, 2012 WL 1029502, at *27 (N.D. Cal. 2012). One test requires the necessary public-policy predicate to a consumer unfair-competition action be "tethered to specific constitutional, statutory, or regulatory provisions." *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256 (2010).

A second test asks whether an alleged act or business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," thereby requiring the Court to "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Id.*

The third test derives from section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(n), requiring (1) substantial consumer injury; (2) that the injury is not outweighed by countervailing benefits to consumers or competition; and (3) that the injury is one which consumers could not reasonably have avoided. *Id.*

Plaintiff's UCL claim, to the extent it is predicated on the UCL's "unfair" prong, fails all three tests for the same reason her RESPA claim fails: she simply has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Without additional facts tending to establish any plausible wrongdoing on Fidelity's part, the Court cannot assess whether the public policy underlying this action is tethered to a specific constitutional, statutory, or regulatory provision because it is unclear from the conclusory nature of Bergman's Complaint that any statutory provision has been violated. The Court

likewise cannot conclude, absent a viable RESPA claim, that Fidelity's alleged business practice is immoral, unethical, or oppressive, or that there was substantial consumer injury that is not outweighed by countervailing benefits to consumers.

Because Bergman has failed to adequately plead sufficient facts, her UCL claim is **DISMISSED** with leave to amend.

## V.   CONCLUSION

Because Bergman's RESPA claim was inadequately pled and Bergman fails to state a claim under any prong of the UCL, Fidelity's Motion to Dismiss is **GRANTED** in its entirety.  This case is **DISMISSED WITHOUT PREJUDICE**. Bergman may file an amended complaint within 14 days of this order.  If she fails to do so, her claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

September 24, 2012

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**